# Richmond

### WILLIAMS AND ANOTHER v. LIPHART

#### March 12, 1914.

#### Absent, Cardwell, J.

1. BILLS AND NOTES—*Set-Offs—Case at Bar.*—A depositor in a bank gave his note to the bank payable to order for the amount of an over-check. The directors of the bank adopted a resolution stating that it was the understanding that said note be "subject to a monthly payment as curtail at the pleasure and indulgence of the directors," but this does not appear on the face of the note. Subsequently the bank sold the note to one who was alleged to have notice of the resolution of the directors, and he offered it as an offset to another note on which he was sued by the maker. The offset was objected to on the ground that the directors could only require the note to be curtailed by monthly instalments at their pleasure and indulgence, and that full payment of the note at one time could not be demanded.

*Held*: The resolution of the directors imposed no obligation upon the bank and conferred no right on the debtor. It only declares that at the pleasure and indulgence of the board of directors the note shall be subject to a monthly payment as curtail. The fact that a note is payable to order necessarily implies that it may be sold; and by selling and transferring the note, it passed beyond the power and control of the board of directors, and their authority to exercise their pleasure in the matter of granting indulgence in respect to it forever ceased and hence the offset was valid.

Error to a judgment of the Hustings Court, Part II, of the city of Richmond in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Overton Howard* and *J. Kent Rawley,* for the plaintiff in error.

*Wyndham R. Meredith,* for the defendant in error.

WHITTLE, J. delivered the opinion of the court.

When this case was called for argument the bankruptcy of the defendant in error, C. M. Liphart, (who was the plaintiff below) was suggested, and on the motion of R. R. Florance, his trustee in bankruptcy, and by consent of parties, he was admitted as a defendant in error.

The case is within narrow limits and presents but a single question for determination. The action was brought by Liphart to recover the amount of a note for $866.66, given by C. N. Williams, Jr., with Thomas Gresham as indorser, to the plaintiff on account of the purchase of stock of the Richmond Structural Steel Company, Incorporated, hereinafter called "the corporation." On February 22, 1912, Liphart made a note to the corporation for $1,118.82, with interest from date, payable to the payee, or order, on demand, at the American National Bank, Richmond, Virginia. After the making of the note sued on but before suit brought, the corporation transferred Liphart's note to Williams for value.

To a plea by the defendant, Williams, setting off the last mentioned against the $866.66 note, the plaintiff filed a special replication to the effect that the corporation had no authority to transfer the note for $1,118.82 because it was conditionally made and delivered on the understanding and agreement that full payment of the note at one time was not to be demanded, and that the board of directors of the corporation could only require the note

to be curtailed by monthly payments at their pleasure and indulgence, of which conditions the defendants had notice at the time of the transfer of the note to Williams.

The resolution of the board of directors of the corporation relied on to sustain the averments of the special replication is substantially as follows: On motion duly seconded it was unanimously resolved that the overcheck of . . . C. M. Liphart (when determined) be closed by his individual demand note to the company for the amount due the company by him with interest averaged at 6 per cent. to be added, with the further understanding that said note be ''subject to a monthly payment as curtail at the pleasure and indulgence of the directors.''

The trial court adopted the construction placed upon the language of the foregoing resolution in the special replication to the plea of set off. The case was tried and submitted to the jury on that theory, and, of course, resulted in a verdict disallowing the defendant's set off and a finding for the plaintiff for the amount of the note sued on, with interest and protest charges, and the court rendered judgment in accordance with the verdict.

It is plain that the action of the trial court was founded upon a misapprehension of the import of the resolution. Liphart owed the corporation $1,118.82, and as contemplated by the resolution, closed his indebtedness by giving a negotiable note for that amount, payable to the corporation, or order, on demand. If the concluding language of the resolution had been intended to vary the previous provision in respect to the time and manner of payment of the note thereafter to be given, it is hardly reasonable to infer that so important a stipulation would have been omitted from the body of the instrument. The note was drawn in strict compliance with the resolution, and the supposed qualifying language did not change its tenor or effect. It imposes no obligation upon the cor-

poration and confers no right on the debtor. It only declares that at the pleasure and indulgence of the board of directors the note shall be subject to a monthly payment as curtail. If Liphart had the right to demand the indulgence, its exercise would depend upon his pleasure and not upon the pleasure of the board of directors. It would, indeed, be a strange perversion of language to hold that the board of directors could be compelled to exercise a discretion wholly dependent upon their pleasure and indulgence.

The fact that a note is payable to order necessarily implies that it can be sold; and by selling and transferring this note, it passed beyond the power and control of the board of directors, and their authority to exercise their pleasure in the matter of granting indulgence in respect to it forever ceased.

This view of the case renders it unnecessary to notice subordinate assignments of error.

The judgment of the hustings court must be reversed, the verdict of the jury set aside and the case remanded for further proceedings not inconsistent with the views expressed in this opinion.

*Reversed.*